O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOK SIL RAH, an individual,<br><br>            Plaintiff,<br><br>   v.<br><br>AURORA LOAN SERVICES, LLC, a Delaware Limited Liability Company; NATIONSTAR MORTGAGE LLC, a Delaware Limited Company,<br><br>            Defendants.<br>_____ | Case No. CV 12-09166 DDP (VBKx)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>[Dkt. No. 5] |

    Presently before the court is Defendants Aurora Loan Services LLC's and Nationstar Mortgage LLC's Motion to Dismiss Plaintiff's Complaint.

I. BACKGROUND

    Plaintiff alleges she is the lawful owner of the real property located at 20713 Seine Avenue, Lakewood, California, 90715 (the "Subject Property"). (Compl. ¶ 8.) On July 2, 2012, Plaintiff filed a voluntary petition under Chapter 13 or title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Central District of California, Los

Angeles Division. (Compl. ¶ 9.) Plaintiff remained as debtor in possession. On July 3, 2012, Defendants conducted a non-judicial foreclosure trustee sale and sold the Subject Property at a public auction. (Compl. ¶ 16.) Plaintiff alleges that Defendants Aurora and Nationstar wrongfully foreclosed upon her property in violation of California Civil Code § 2923.5 and willfully violated an automatic stay under Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362. She seeks a money judgment, punitive damages, a judicial declaration that the July 3, 2012, sale was void and improper, restoration of her record title to the Subject Property, reasonable attorney's fees and costs, and other appropriate relief.

II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted. "When determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

In Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th

2

Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief") (internal quotation marks omitted).

III. DISCUSSION

Defendants argue that Plaintiff lacks standing to challenge the foreclosure sale because she has not tendered the amount owed under the promissory note. "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." Alicea v. GE Money Bank, 2009 WL 2136969 *3 (N.D. Cal. 2009). The tender requirement spares courts from being called upon to "order a useless act performed" in cases where plaintiffs would be unable, even under proper sale procedures, to redeem a property. FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1021-22 (1989). An exception to the tender rule may apply, however, where it would be inequitable to require tender. Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (1997). Courts have applied the equitable exception to the tender rule where plaintiffs contest the validity of a foreclosure prior to the foreclosure sale. See, e.g., Tamburri v. Suntrust Mortgage, Inc., 2011 WL 6294472 *3, 5 (N.D. Cal. December 15, 2011); Sacchi v. Mortgage Electronic Registration Systems, Inc., 2011 WL 2533029 *9-10 (C.D. Cal. June 24, 2011).

Defendants also argue that Plaintiff has failed to state a wrongful foreclosure claim under California Civil Code § 2923.5

3

because the foreclosure sale has already been held.  See <u>Mabry v. Superior Court</u>, 185 Cal.App.4th 208, 221 (2010)(noting that "under the plain language of section 2923.5, read in conjunction with section 2924g, the <u>only</u> remedy provided is a postponement of the sale before it happens.").  Finally, they argue that Plaintiff fails to state a claim for a violation of the Bankruptcy Code's automatic stay because Defendant Aurora obtained in rem relief under 11 U.S.C. § 362(d)(4) in the bankruptcy case of Henry Gibson, II, concerning the Subject Property.

    Defendants' Motion was set for hearing on December 18, 2012.  Per Local Rule 7-9, any opposition had to be filed 21 days before the hearing date, which made Plaintiff's deadline November 27, 2012.  Plaintiff filed this Opposition on December 4, 2012, one week late.  Because of this, the court need not consider the Opposition.  In any case, Plaintiff's Opposition does not address the substantive issues raised by Defendant.  She has presented no facts suggesting that equitable exception to the tender rule should apply, nor does she contest Aurora's assertion that Aurora had obtained in rem relief such that the Bankruptcy Code's automatic stay provision was not violated.  By failing to make any substantive arguments in her Opposition, Plaintiff is effectively conceding Defendants' points.

    Instead, Plaintiff asks the court to deny the Motion as moot because she "intends and will file and serve a first amended complaint."  (Opp. at 3.)  Additionally, she requests that the court remand the case back to Superior Court.  To date, Plaintiff has not filed a First Amended Complaint, and the court cannot

4

remand the case to state court because Plaintiff filed it in federal court.

In short, Plaintiff's Opposition is unacceptably late, requests relief the court obviously cannot provide because of Plaintiff's own actions, and is devoid of any substantive argument. Plaintiff's attorneys are admonished to make no future untimely and meritless filings or they may face sanctions.

**IV. CONCLUSION**

Because Plaintiff has not substantively opposed the Motion to Dismiss, the court GRANTS the Motion.  The Complaint is dismissed.

IT IS SO ORDERED.

Dated: January 10, 2013

DEAN D. PREGERSON
United States District Judge